UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR FERNANDEZ-RODRIGUEZ, ROBER GALVEZ-CHIMBO, SHARON HATCHER, JONATHAN MEDINA, *and* JAMES WOODSON, *individually and on behalf of all others similarly situated*,

                Petitioners,

– *against* –

MARTI LICON-VITALE, *in her official capacity as Warden of the Metropolitan Correctional Center*,

                Respondent.

**INSPECTION ORDER**

20 Civ. 3315 (ER)

RAMOS, D.J.:

    The Court has reviewed the joint letter submitted by the parties on May 6, 2020, Doc. 30. The Court orders as follows:

    1. **Date and Timing of Inspection.** An inspection of the Metropolitan Correctional Center ("MCC") will occur on Wednesday, May 13, 2020, and will start at 12:00 p.m. It will last for three hours starting from when the parties have passed through security, with additional time added for any delays not attributable to the petitioners.

    2. **Authorized Individuals.** The following persons may attend the inspection:

        (i) The petitioners' expert, Dr. Homer Venters;

        (ii) The respondent's expert consultant;

        (iii) One attorney who represents petitioners, whose name petitioners will provide by 5:00 p.m. on May 7, 2020 for purposes of security clearance;

        (iv) One attorney who represents the respondent;

        (v) MCC escorts, as decided by MCC and whom may include a Bureau of Prisons ("BOP") attorney; and

        (vi) A neutral Spanish-speaking interpreter provided by the respondent.

Deirdre von Dornum, Attorney-in-Charge for the Federal Defenders of New York in the Eastern District, shall also be permitted to attend. The Court finds that her presence will

assist petitioners' counsel and expert in the prosecution of their case.  Furthermore, the Court notes that von Dornum participated in an inspection of the Metropolitan Detention Center ("MDC") in Brooklyn on April 23, 2020, without reported incident.  *See* Minute Entry, *Chunn v. Edge*, No. 20 Civ. 1590 (RPK) (E.D.N.Y. Apr. 17, 2020) ("*Chunn* Inspection Order").  Von Dornum may not speak directly to any inmate or staff member during the site inspection.

3. **Scope of Inspection.**  The petitioners will be permitted to inspect the following areas of MCC:

    (i)    Unit 3;
    (ii)    Any units under quarantine on the date of the inspection;
    (iii)    The women's unit;
    (iv)    Units 5 North, 7 North, and 11 South;
    (v)    To the extent not otherwise visited, all units housing any named petitioner;
    (vi)    The medical unit and examination rooms; and
    (vii)    The commissary.

The petitioners may also visit the Special Housing Unit ("SHU").  On the record before the Court, there is a factual dispute over whether the SHU is or has been used to isolate inmates experiencing symptoms consistent with COVID-19.  *See, e.g.*, von Dornum Decl. ¶¶ 18, 21(b), 24–25, 29 (Apr. 28, 2020), Doc. 7.  Furthermore, a similar inspection of the SHU at MDC proceeded without reported incident.  *See Chunn* Inspection Order, *supra*.

4. **Manner of Interviews.**  The inspection may include interviews with inmates.  All interviews will be conducted in the presence of all participants, and all interviews or questioning of Spanish-speaking inmates will be done through a neutral interpreter.  As occurred in the MDC inspection, Venters shall initiate and guide all interviews, while counsel for petitioners and respondent "may sparingly ask clarifying questions."  Minute Entry, *Chunn v. Edge*, No. 20 Civ. 1590 (RPK) (E.D.N.Y. Apr. 23, 2020), Doc. 59.

Venters is directed to ask all inmates being interviewed to state their name and registration number. MCC staff shall not be interviewed.

5. **Interview Location.** As occurred during the MDC inspection and for the same reasons as stated by the court in *Chunn*, Venters shall "be permitted cell-front access to inmates for brief conversations, subject to the inmates' willingness to speak to Dr. Venters." Order, *Chunn v. Edge*, No. 20 Civ. 1590 (RPK) (E.D.N.Y. Apr. 17, 2020), Doc. 53 (noting that "[a] cell-front protocol is likely to yield more relevant information and to be less burdensome than respondent's proposed alternative . . . ."). Petitioners may also, by May 11, 2020, identify a limited number of inmates by name and registration number that they wish for Venters to interview in a more private setting. These inmates shall be brought to a suitable interview room for separate questioning in accordance with paragraph 4 of this Order.

6. **Equipment.** No personal items will be allowed inside MCC, except all inspection participants may bring paper and pens for notetaking.

7. **Photographs.** The respondent is directed to provide a digital camera and photographer. *See* Inspection Order, *Cameron v. Bouchard*, No. 20 Civ. 10949 (LVP) (E.D. Mich. Apr. 22, 2020), Doc. 27 (directing prison staff to take photographs at inspector's discretion). The photographer designated by the respondent shall take still photographs during the inspection as directed by Venters and the respondent's expert. Petitioners may review each photograph on the camera and direct reasonable retakes as needed. No photographs may be taken of staff or inmates. Following the inspection, the respondent shall review the photographs, determine whether any present a security concern, and release all acceptable photographs to the petitioners within 24 hours of the inspection. If any photograph presents security concerns, the parties shall meet and confer and attempt to resolve those concerns; the parties will raise any issue they cannot resolve with the Court. All photographs taken during the site inspection will

automatically be subject to the protective order entered by the Court on May 6, 2020, Doc. 29.

8. **Personal Protective Equipment.** All participants must wear suitable personal protective equipment ("PPE") in the facility. Venters, petitioners' attorney, and von Dornum will bring their own N-95 masks, gloves, and face shields or googles. The respondent shall provide suits or gowns and booties for Venters, petitioners' attorney, and von Dornum, as well as PPE for the remaining participants.

It is SO ORDERED.

Dated:   May 7, 2020
         New York, New York

_____
         EDGARDO RAMOS, U.S.D.J.