

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*86 Chambers Street*
*New York, New York 10007*

May 18, 2020

**BY ECF & ELECTRONIC MAIL**
The Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007
ChambersNYSDRamos@nysd.uscourts.gov

    Re:    *Fernandez-Rodriguez et al. v. Licon-Vitale*, No. 20 Civ. 3315 (ER)

Dear Judge Ramos:

    This Office represents respondent Marti Licon-Vitale, in her official capacity as Warden of the Metropolitan Correctional Center ("MCC"), with respect to the above-referenced petition for habeas corpus brought under 28 U.S.C. § 2241. We write respectfully concerning petitioners' stated intention to introduce declarations from non-petitioner inmates whose names were not timely disclosed to respondent in connection with their upcoming motion for preliminary injunction. For the reasons described below, respondent respectfully requests that the Court enter an order precluding petitioners from submitting declarations or other statements or testimony from inmates who were not timely disclosed.

    Early last week, the undersigned contacted petitioners' counsel regarding whether petitioners intended to submit declarations or other testimony from MCC inmates other than the named petitioners. Petitioners' counsel stated that they were considering submitting such testimony. Given that the parties' responses to discovery requests were due on Friday, May 15, and that depositions are to conclude by Thursday, May 21, the undersigned informed petitioners' counsel that respondent would need to know the names of the additional inmates by 5:00 p.m. on Thursday, May 14, in order to produce the medical records and other appropriate discovery for these inmates as part of respondent's discovery responses the following day and in order for respondent to be able to evaluate whether to schedule and, if so, prepare for those inmates' depositions the following week. On Thursday afternoon, petitioners timely disclosed the names of four inmates in addition to petitioners on whose behalf they would provide testimony; respondent provided discovery regarding these inmates and has scheduled depositions for those it has decided to depose. On Friday at 5:00 p.m., petitioners' counsel identified seven additional inmates. These inmates were also identified in response to respondent's interrogatory asking for the names of inmates who would be submitting statements in support of petitioners' preliminary injunction papers. The following day (Saturday), after the interrogatory deadline had passed, petitioners identified two more inmates and indicated that they plan to identify further inmates in this fashion until the preliminary injunction briefs are submitted.

Respondent objects to petitioners' submission of declarations or other statements by late-identified inmates. The discovery schedule for the upcoming motion is very short, and receiving additional inmate names after the end of the period for responding to discovery requests places respondent in an unfair position of having either to devote limited attorney resources to reviewing and providing individualized discovery information about additional inmates and potentially taking their depositions or else allowing petitioners to submit unrebutted, un-cross-examined statements by inmates in support of their papers. This is particularly unfair because petitioners have not identified any reason why they could not have identified the relevant inmates in a timely fashion. Indeed, petitioners' consultant Deirdre von Dornum of the Federal Defenders informed the Court that before the instant petition was filed nearly three weeks ago, she had spoken with approximately 150 MCC inmates regarding their concerns. ECF No. 7, ¶ 3.

Respondent thus respectfully requests that the Court enter an order precluding petitioners from submitting in connection with the upcoming preliminary injunction papers any declarations or other statements from inmates who were not timely identified by petitioners' counsel. Even though respondent requested that petitioners identify such inmates by last Thursday, respondent is requesting that petitioners be precluded from offering declarations or statements only from inmates who were identified after Friday, the date that petitioners' responses to discovery requests were due. Of course, respondent's request in this regard is limited to the instant preliminary injunction briefing. Should additional discovery be permitted once the Court rules on the motion for preliminary injunction, petitioners would be able to identify more inmates.

We thank the Court for its consideration of this request. We understand that petitioners oppose this request and will be submitting a separate letter setting forth their position.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By:   ___s/Jean-David Barnea_____
JEAN-DAVID BARNEA
JESSICA JEAN HU
ALLISON ROVNER
Assistant United States Attorneys
Tel. (212) 637-2679/2726/2691

cc: Counsel for Petitioners (By ECF & electronic mail)

---

The Court is in receipt of the petitioners' letter of May 19, 2020, Doc. 44. The respondent's application is GRANTED in part and DENIED in part. All declarations or statements from MCC inmates must be from inmates identified to the respondent by Friday, May 22, 2020. The respondent may depose any such inmate on or before May 28, 2020.

SO ORDERED.

_[signature]_
Edgardo Ramos, U.S.D.J
Dated: May. 19, 2020
New York, New York