# EXHIBIT 25

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for Respondent
By:    JEAN-DAVID BARNEA
       JESSICA JEAN HU
       ALLISON M. ROVNER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212.637.2679/26762691
Fax: 212.637.2686
Email: Jean-David.Barnea@usdoj.gov
       Jessica.Hu@usdoj.gov
       Allison.Rovner@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CESAR FERNANDEZ-RODRIGUEZ, ROBER GALVEZ-CHIMBO, SHARON HATCHER, JONATHAN MEDINA, and JAMES WOODSON, individually and on behalf of all others similarly situated,<br><br>Petitioners,<br><br>v.<br><br>MARTI LICON-VITALE, in her official capacity as Warden of the Metropolitan Correctional Center,<br><br>Respondent. | 20 Civ. 3315 (ER) |

**RESPONDENT'S RESPONSES AND OBJECTIONS TO PETITIONERS'**
**FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Procedure, as well as Local Civil Rule 33.3, Respondent Marti Licon-Vitale ("Respondent"), in her official capacity as Warden of the Metropolitan Correctional Center ("MCC"), by her attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, responds to Petitioners' First Set of Interrogatories (the "Requests") as follows:

## **GENERAL OBJECTIONS AND RESERVATIONS**

1. Respondent objects to the Requests to the extent they purport to require the disclosure of information beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or other applicable law.

2. Respondent objects to the Requests to the extent they seek information protected from discovery under the attorney-client privilege, the self-evaluative or self-critical analysis privilege, the work-product doctrine, the deliberative process privilege, or the law enforcement privilege, or that is otherwise privileged or protected from disclosure by any applicable statute, regulation, rule, or doctrine.

3. Respondent objects to the Requests to the extent they purport to require the disclosure of information protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act") or the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.* ("HIPAA").

4. Respondent objects to the Requests to the extent they call for the disclosure of information not relevant to a claim or defense in this litigation and/or not proportional to the needs of the case and/or would be unduly burdensome or oppressive to answer.

5. Respondent objects to the Requests to the extent they seek the disclosure of information that is publicly available to, previously provided to, otherwise within the possession, custody or control of, or readily obtainable by, petitioners, their agents and/or counsel, such that the requested disclosure is unduly burdensome or expensive to the United States.

6. Petitioners' Requests are being answered subject to the limitation that the investigation and discovery in this action are ongoing. Respondent expressly reserves the right

to supplement, clarify, revise, or correct any or all of these responses at any time. By making the following responses to the Requests, Respondent does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Further, Respondent provides the responses below without in any manner implying or admitting that she considers any item in the Requests or any response thereto to be relevant or material to the subject matter of this action.

7. Respondent's general objections are incorporated into and continue throughout its responses to the specific Requests.

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

Subject to and without waiving the foregoing general objections and reservations, which Respondent hereby incorporates into each response given below, Respondent responds to the specific interrogatories as follows.

**Interrogatory No. 1:**

*Identify all MCC inmates tested for COVID-19 since March 1, 2020, including each inmate's symptoms prior to testing, who performed the testing, the test results, where the inmate has been housed since March 1, 2020, the medical treatment provided to the inmate during that time, what institution or facility provided the treatment, and when the medical treatment was provided..*

Response:   Respondent objects to Interrogatory No. 1 on the specific grounds that it is vague and overbroad, and that it calls for the production of information protected by the Privacy Act and HIPAA.   Subject to and without waiving the foregoing general and specific objections, Respondent hereby produces an anonymized chart[1] entitled Quarantine Isolation Flowsheet,

---

[1] As explained in Respondent's Responses to Petitioners' Requests for the Production of Documents, we have assigned each MCC inmate a Litigation Number for purposes of this case to permit the matching of anonymized records.   The Litigation Numbers for the named petitioners are as follows: Cesar Fernandez-Rodriguez (160), Rober Galvez-Chimbo (369), Sharon Hatcher (177), Jonathan Medina (13), and James Woodson (94).   The Litigation Numbers for the four

prepared by MCC medical staff, which contains the requested information. In addition, one inmate (number 293) was tested at MCC on 5/11/20 because the inmate was scheduled to go to an outside hospital to undergo oral surgery (and not because the inmate had any symptoms of COVID infection), and the test came back negative. Furthermore, as explained in the response to Document Request No. 3, several inmates were tested at the hospital as part of admissions for non-COVID-related medical treatment. With respect to the inmates' housing assignments, the Quarantine Isolation Flowsheet provides some information in that regard, as does the response to Interrogatory No. 3.

**Interrogatory No. 2:**

*Identify all MCC inmates who, since March 1, 2020, have been identified as having COVID-19 symptoms and, for each such inmate, describe where the inmate has been housed since March 1, 2020, the medical treatment provided to the inmate during that time, what institution or facility provided the treatment, and when the medical treatment was provided.*

Response: Respondent objects to Interrogatory No. 2 on the specific grounds that it is vague and overbroad, and that it calls for the production of information protected by the Privacy Act and HIPAA. Subject to and without waiving the foregoing general and specific objections, Respondent hereby refers to the Quarantine Isolation Flowsheet, prepared by MCC medical staff, which contains the requested information. With respect to the inmates' housing assignments, the Quarantine Isolation Flowsheet provides some information in that regard, as does the response to Interrogatory No. 3.

**Interrogatory No. 3:**

*Identify all MCC inmates who, since March 1, 2020, have been identified as being vulnerable to COVID-19 and, for each such inmate, describe where the inmate has been housed since March 1, 2020, the medical treatment provided to the inmate during that time, what institution or facility provided the treatment, and when the medical treatment was provided.*

Response: Respondent objects to Interrogatory No. 3 on the specific grounds that it is overbroad, and not proportional to the needs of the case, considering the burden of the request is unlikely to outweigh the benefit. Historic information regarding inmate housing is not available to the MCC. In light of the foregoing, the requested information can only be obtained by BOP central office information systems staff who respond to data requests nationwide. In addition, because BOP electronic information systems do not specifically identify inmates who are vulnerable to COVID-19, any request for this information must be obtained either by: (a) performing an individualized query for each inmate; or (b) performing a query for the entire MCC population on a specific date, and then removing the responsive inmates from the query results. Without waiving the foregoing general and specific objections, Respondent will provide

---

additional inmates who may be providing declarations and who Petitioners' counsel has indicated have authorized the release of their information (and thus, pursuant to the Court's order of May 12, 2020, may be provided) are: Darius Davis (146), Michael Falu (351), Ahmad Naqvi (527), and Nicolas Sucich (72).

in response to this interrogatory five "Housing Charts" that reflect the MCC housing information listed on BOP's electronic information systems for March 1, 2020, March 15, 2020, April 2, 2020, April 16, 2020, April 30, 2020, and May 14, 2020.

The charts for March 1, 2020 through April 16, 2020, reflect: (1) the anonymized Litigation Number associated with the responsive inmate; (2) the unit the inmate was assigned to on the date reflected in the header; (3) the start date on which the inmate was assigned to that unit; and (4) the last date on which the inmate was assigned to the unit. The chart for April 30, 2020, reflects: (1) the anonymized number associated with the responsive inmate; (2) the unit the inmate was assigned to on April 30, 2020; (3) the start date on which the inmate was assigned to that unit; (4) the last date on which the inmate was assigned to that unit; and (5) the inmate's assigned unit on May 14, 2020,[2] To the extent the chart reflects "current," that is the inmate's assignment as of May 14, 2020.

The inmates previously identified by the Bureau of Prisons as being at potentially greater risk of developing serious complications from COVID-19 are assigned to Litigation Nos. 1-205. To the extent any of these inmates have been isolated for confirmed or suspected COVID-19 infection, they additionally appear on the Quarantine Isolation Flowsheet being produced in response to Interrogatory Nos. 1 and 2. In addition, Respondent is producing, in response to Document Request No. 3, a report entitled BOP Health Services Activities Report—which it did not have at the time it responded in writing to Document Request No. 3—which lists for each inmate the dates and times of certain encounters with MCC medical staff since March 1, though it does not provide much information about the substance of those encounters. Respondent notes that this report does not necessarily include all interactions between MCC medical staff and inmates, as some such encounters are classified as "administrative encounters" and not included on this report, and some informal encounters also may not be included in this report.

**Interrogatory No. 4:**

*Identify all locations within the MCC that have been used to isolate inmates relating to COVID-19 since March 1, 2020, including the dates on which those locations have been used for that purpose and the number of inmates in those locations on those dates.*

---

[2] The following data dictionary is provided to assist in identifying the units:

Unit B - Unit 2 females
Unit C - Unit 3 Quarantine Isolation
E01 to E06 - 5 North
E07 to E12 - 5 South
G01 to G06 - 7 South
G07 to G12 - 7 South
I01 to I06- 9 North
K01 to K06 - 11 North
K07 to K12 - 11 South
Z01 to Z06 - Special Housing (9 South)

5

Response:   Respondent objects to Interrogatory No. 4 on the specific grounds that it is vague and overbroad.   Subject to and without waiving the foregoing general and specific objections, Respondent states that the following MCC units have been used to isolate inmates with confirmed or suspected COVID-19 infection since March 1: From March 22 (when the first suspected cases were identified) until March 29, MCC isolated inmates in a separate tier of the Special Housing Unit.   Since March 30, MCC has isolated inmates in Unit 3.   (In addition, newly admitted inmates or inmates returning from outside engagements are quarantined in Unit 3, and if there is not sufficient room in that unit, in Unit 5-South, Tiers 7 and 8.)

**Interrogatory No. 5:**

*Identify all units placed in quarantine relating to COVID-19 since March 1, 2020, including the dates of quarantine and the number of inmates within each unit.*

Response:   Respondent objects to Interrogatory No. 5 on the specific grounds that it is vague and overbroad.   Subject to and without waiving the foregoing general and specific objections, Respondent provides the following information:

| Unit | Quarantine Start Date | Quarantine End Date | No. of Inmates |
|---|---|---|---|
| 2 | 4/5/20 | 4/21/20 | 18 |
| 5 South | 3/28/20 | 4/14/20 | 58 |
| 5 North | 4/7/20 | 4/22/20 | 88 |
| 7 South | 4/9/20 | 4/21/20 | 75 |
| 7 North | 3/23/20 | 4/24/20 | 81 |
| 9 North | 4/8/20 | 4/23/20 | 86 |
| 11 North | 3/26/20 | 4/26/20 | 73 |
| 11 South | 3/23/20 | 4/12/20 | 128 |

**Interrogatory No. 6:**

*Identify the size of the MCC's inmate population on each day since March 1, 2020.*

Response:   Respondent objects to Interrogatory No. 6 on the specific grounds that it is not relevant to Petitioners' claims.   Subject to and without waiving the foregoing general and specific objections, Respondent provides in response to this interrogatory the document entitled "Response to Interrogatory No. 6."

**Interrogatory No. 7:**

*Identify the number of MCC's staff members who were working (on duty) at the MCC on each day since March 1, 2020.   For any staff members who were not working due to a positive test for COVID-19, COVID-19 symptoms, or exposure to other persons with or believed to have COVID-19, identify for each the reason they were not working (as set forth above) and the dates they were not working.*

Response:   Respondent objects to Interrogatory No. 7 on the specific grounds that it is vague and overbroad, unduly burdensome, and calls for the production of information protected by the Privacy Act and HIPAA.   Subject to and without waiving the foregoing general and specific objections, Respondent states that as of April 28, 2020, there were 242 authorized positions at MCC, 199 of which were filled.   Respondent produces the following documents: (a) a redacted document entitled Staff Listing 5-13-20, which lists all MCC staff who have notified the prison of the results of their test results for COVID-19 and the dates when they were tested, were last at work, and returned to work; and (b) a series of documents entitled "INST OPS DIR," which list the number of MCC staff who were on leave on the day in question, as well as the number of BOP staff whose normal place of work is not at MCC who were temporarily working at MCC on that date ("Staff in on TDY Status").   Respondent has produced such reports for March 23 (the first date on which such a report was created), April 6, April 20, May 5, and May 13.   Respondent is not able to produce such reports for each requested date because of the burden involved.

**Interrogatory No. 8:**

Identify any MCC inmates or staff members who have died since March 1, 2020 and the cause of death, to the extent such death was caused, or suspected to have been caused, in any way by COVID-19.

Response:   Respondent objects to Interrogatory No. 8 on the specific grounds that it is vague and overbroad, and calls for the production of information protected by the Privacy Act and HIPAA.   Subject to and without waiving the foregoing general and specific objections, Respondent states that there are no MCC staff members or inmates whose deaths since March 1, 2020, are known or suspected to be caused by COVID-19.

**Interrogatory No. 9:**

Identify all MCC cadre inmates and orderlies, their assigned duties, their assigned work locations, and their housing locations, for each day since March 1, 2020.

Response:   Respondent objects to Interrogatory No. 9 on the specific grounds that it is vague and overbroad.   Subject to and without waiving the foregoing general and specific objections, Respondent produces a list reflecting each inmate's work assignment and a list of orderlies assigned to COVID-19 sanitation detail.

**Interrogatory No. 10:**

Identify all medical personnel working at the MCC since March 1, 2020, including their names, job titles, medical qualifications, length of employment at the MCC, foreign language ability, work schedule, and the dates on which they have worked (on duty).

Response:   Respondent objects to Interrogatory No. 10 on the specific grounds that it is vague and overbroad, and is not relevant to Petitioners' claims.   Subject to and without waiving

the foregoing general and specific objections, Respondent provides the following information about the medical staff at MCC:

| Name | Title | Qualif. | Schedule | Foreign Language |
|---|---|---|---|---|
| Robert Beaudouin | Acting Clinical Director (Aug. 2018-present); Medical Officer (2014-18) | M.D. | M-F 7:30-4:00 | French |
| Cheryl Ancrum | Chief Dentist (Mar. 2019-present) | D.D.S. | M-F 7:00-3:30 | |
| Chae Un Chong | Chief Pharmacist (Apr. 2016-present) | Pharm. D. | M-F 7:30-4:00 | |
| Chidubem Okafor | Psychiatrist (for approx. 4 years) | D.O. | M-F 7:30-4:00 | |
| Terrance Thomas | Health Services Admin. (Mar. 2019-present) | R.N., Mast. Health Serv. | M-F 7:30-4:00 | |
| Mark Yonnone | Asst. Health Services Admin. (Oct. 2016-present) | Licensed paramedic | M-F 7:30-4:00 | |
| Ismael Joaquin | Mid-Level Practitioner (20+ years) | Foreign Medical Graduate | M-F 6:00-2:30 | Spanish |
| Mandeep Singh | Physician Assistant (for approx. 3-4 years) | P.A. | Thu-Mon 2:00pm-10:00pm | Hindi, Punjabi |
| Yoon Kang | Physician Assistant (Apr. 2019-present) | P.A. | M-F 7:30-4:00 | |
| Sandra Esguerra | Registered X-Ray Technologist (2009-present) | | M-F 8:00-4:00 | |
| Jessibell Mueses | Certified EKG and phlebotomist technician (Feb. 2019-present) | | M-F 8:00-2:00 | Spanish |

In addition, certain medical staff from other BOP facilities have been brought in to assist MCC medical staff on a temporary basis. Furthermore, all MCC medical staff have access to a service called Language Line, which offers telephonic simultaneous translation for healthcare encounters.

**Interrogatory No. 11:**

*Describe all actions taken by the MCC since March 1, 2020 to obtain COVID-19 tests and testing equipment, including who took such actions, when such actions were taken, the nature of the actions taken, from whom such tests and testing equipment was sought, and the results of such actions.*

<u>Response</u>:   Respondent objects to Interrogatory No. 11 on the specific grounds that it is vague and overbroad.   Subject to and without waiving the foregoing general and specific objections, MCC placed its first order for COVID-19 test kits on 4/10/20, and has placed several orders since then.   The orders have been placed by Dr. Robert Beaudouin, MCC's medical director.   MCC uses two vendors for these tests: Quest Diagnostics (which will supply a maximum of 10 kits per order) and LabCorp (which will supply a maximum of 5 kits per order).   As of May 12, MCC has 32 test kits on hand and has ordered more.   Furthermore, since the court hearing on May 4, MCC has inquired again with BOP as to whether it can get a rapid testing machine for COVID-19.   *See generally* https://www.bop.gov/resources/news/20200424_expanded_testing.jsp.   MCC has just received this machine (on May 14) but it is not yet operational; MCC medical staff plans to use the machine to test all new inmates and symptomatic inmates.   The machine will have the capacity to perform up to 250 tests per week.

AS TO INTERROGATORY RESPONSES 1-2 (except with respect to housing assignments), 3-5, 7 (with respect to staff members who have tested positive for COVID-19), 8 (with respect to inmates), AND 10-11 ONLY:

     I, Robert Beaudouin, M.D., state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that these responses are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
         May 15, 2020

                                                        s/Robert Beaudouin/JDB
                                                        Robert Beaudouin, M.D.
                                                        Acting Clinical Director

AS TO THE INMATE HOUSING INFORMATION PROVIDED IN RESPONSE TO INTERROGATORY NOS. 1, 2, AND 3 ONLY:

    I, Adam M. Johnson, Deputy Regional Counsel for the Northeast Regional Office of the Bureau of Prisons ("BOP"), state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that the housing information used to respond to Interrogatory Nos. 1, 2, and 3, was provided to me by BOP employees whose duties and responsibilities include providing data and information from BOP's electronic information systems and the information is true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
       May 15, 2020

                                          *s/ Adam M. Johnson/JJH*
                                          ADAM M. JOHNSON
                                          Deputy Regional Counsel
                                          Northeast Regional Office
                                          Bureau of Prisons

AS TO INTERROGATORY RESPONSE 6 ONLY:

I, Adam M. Johnson, Deputy Regional Counsel for the Northeast Regional Office of the Bureau of Prisons ("BOP"), state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that the information provided in response to Interrogatory No. 6 was provided to me by employees at the Metropolitan Correctional Center who have access to this information in the normal course of performing their duties and responsibilities and the information is true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
       May 15, 2020

                                              *s/ Adam M. Johnson/JJH*
                                              ADAM M. JOHNSON
                                              Deputy Regional Counsel
                                              Northeast Regional Office
                                              Bureau of Prisons

AS TO INTERROGATORY RESPONSES 7 (with respect to number of staff members on duty at MCC), 8 (with respect to staff members), and 9 ONLY:

I, Associate Warden Charisma Edge, state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that these responses are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
May 15, 2020

Charisma Edge
Associate Warden

AS TO OBJECTIONS AND RESERVATIONS OF RIGHTS:

Dated: New York, New York
       May 15, 2020

                              GEOFFREY S. BERMAN
                              United States Attorney for the
                              Southern District of New York
                              *Attorney for Respondent*

By:    /s/ Jean-David Barnea
                              JEAN-DAVID BARNEA
                              JESSICA JEAN HU
                              ALLISON M. ROVNER
                              Assistant United States Attorneys
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.: 212.637.2679/26762691
                              Fax: 212.637.2686
                              Email: Jean-David.Barnea@usdoj.gov
                                            Jessica.Hu@usdoj.gov
                                            Allison.Rovner@usdoj.gov