**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

**By ECF and Electronic Mail**                                        June 17, 2020

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, N.Y. 10007

>       Re:   *Fernandez-Rodriguez et al. v. Licon-Vitale*, No. 20 Civ. 3315 (ER)

Dear Judge Ramos:

      We write on behalf of Petitioners in response to the MCC's June 16, 2020 letter (ECF No. 80) apprising the Court of two supplemental authorities. These cases, as explained below, bear little resemblance to this case. By contrast, when faced with a record more similar to the one here, the Fourth Circuit recently denied a prison director's motion to stay the district court's preliminary injunction pending appeal. *Seth v. McDonough*, No. 20-6776 (4th Cir. June 10, 2020), ECF No. 13. In this case, as in *Seth*, preliminary injunctive relief is warranted to remedy prison officials' constitutional violations, and to safeguard the health and wellbeing of inmates inside the MCC.

      With respect to Respondent's first cited case, *Hallinan v. Scarantino*, No. 5:20-HC-2088 (FL), 2020 WL 3105094 (E.D.N.C. June 11, 2020), the MCC relies on reasoning that is plainly inapplicable—namely, the district court's observation that "[i]n response to the COVID-19 outbreak, respondents *immediately* implemented extensive efforts to limit the spread of the virus and protect inmate health and safety." ECF No. 80 (quoting *Hallinan*, 2020 WL 3105094, at *14) (emphasis added). Here, by contrast, not only did the MCC fail to implement mitigation efforts "immediately," it barely did anything at all. Instead, the MCC waited until the latter part of March—a month and a half after receiving BOP guidance on how to respond to COVID-19— before it began to address this serious situation in any meaningful way, *see* ECF No. 53 at 4–5. Moreover, certain of the Respondent's initial responses to the outbreak, such as confining infected inmates on concrete beds in the highly punitive SHU and unnecessarily reassigning personnel responsible for release to guard duty, flew directly in the face of BOP and CDC guidance and even the Attorney General's own directives. *See* ECF No. 74 at 2–5. What progress the MCC has made to address its gross deficiencies in handling COVID-19 came only after this lawsuit and the threat of judicial intervention, *see* ECF No. 74 at 10–12.

      The Eleventh Circuit's divided ruling in *Swain v. Junior* regarding a state facility in Florida is similarly inapt. As Petitioners noted in the preliminary injunction briefing when responding to the MCC's reliance on the stay order in *Swain*, that case involves the mere "non-uniform enforcement" of social distancing policies, *see* ECF No. 74 at 5, 15 n.48, a point confirmed by the most recent *Swain* decision, *see* No. 20-11622, 2020 WL 3167628, at *9 (11th Cir. June 15, 2020) ("At most…the district court's order can be read to hold that social distancing was 'not uniformly

COVINGTON

enforced' in certain instances…"). Moreover, by the time of the preliminary injunction in *Swain*, prison officials had "secured the release of 894 inmates, thereby reducing [the prison's] population to less than 70% capacity." *Id.* at *10. Here, nearly a month after this lawsuit was filed only 11 inmates had been released to home confinement or a residential reentry center as a result of an MCC referral, and the MCC remains well over capacity to this day.

In contrast to the inapposite cases cited by Respondent, in *Seth v. McDonough*, a unanimous panel of the Fourth Circuit recently summarily denied the prison director's motion to stay the district court's preliminary injunction. *Seth*, No. 20-6776, ECF No. 13. Indeed, the prison director argued, as Respondent argues here, that a preliminary injunction was not warranted in light of *Swain*. *See* Appellant's Opposed Emergency Motion to Stay Pending Appeal, *Seth*, No. 20-6776, ECF No. 5-1 at 4–5, 7–8, 11. However, unlike in *Swain*, the record in *Seth*—like the record here—showed that "[d]uring [an] outbreak, sick call requests went ignored and when the staff did respond, they failed to treat or isolate COVID-19 symptomatic detainees." *Seth v. McDonough*, No. 8:20-CV-01028-PX, 2020 WL 2571168, at *7 (D. Md. May 21, 2020); *see* ECF No. 74 at 6.

As *Seth* demonstrates, the MCC's continued reliance on other, factually distinguishable cases, does not affect whether preliminary injunctive relief is warranted in this case. For all of the reasons set forth in Petitioners' preliminary injunction briefs (ECF Nos. 53, 74) and accompanying submissions, and at the June 2 hearing, such relief is warranted based on the compelling factual record presented here.

                        Respectfully submitted,

                        s/ *Arlo Devlin-Brown*
                        Arlo Devlin-Brown
                        Andrew A. Ruffino
                        Alan Vinegrad
                        Timothy C. Sprague

cc: Counsel for Respondent (By ECF and electronic mail)